UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| B&B CAR WASH AND MINI STORAGE, <br><br> Plaintiff, <br><br> v. <br><br> STATE AUTOMOTIVE MUTUAL INSURANCE COMPANY, JENNIFER CALDWELL, and DANNY DUNCAN d/b/a DUNCAN INSURANCE AGENCY, <br><br> Defendants. | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 3:16-CV-1800-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff B&B Car Wash and Mini Storage's Motion to Remand (Doc. 7). For the following reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the 196th Judicial District Court of Hunt County, Texas, for further proceedings.

### I.

### BACKGROUND

This is a case about an insurer allegedly denying coverage for an insured's damaged storage facility. Plaintiff B&B Car Wash and Mini Storage ("B&B") alleges that it owns a car wash, five storage buildings, and an RV shed (the "complex") in Commerce, Texas. Doc. 5, Am. Compl. ¶ 11. To protect its property, B&B purchased a State Automotive Mutual Insurance Company ("State Auto") policy from agents Jennifer Caldwell ("Caldwell") and Danny Duncan

("Duncan").[1] *Id.* ¶¶ 13–14; Doc. 8, Answer ¶¶ 11–12. The parties dispute the extent of that policy, however, hence this lawsuit. B&B suggests it covers its entire complex. Doc. 5, Am. Compl. ¶ 12. Defendants disagree. Doc. 8, Answer ¶ 10.

In any event, on or about March 27, 2014, B&B says a hail and wind storm struck and severly damaged its property. Doc. 5, Am. Compl. ¶ 15. In response, B&B filed a claim with State Auto, but State Auto partially denied it,[2] insisting the policy only insured the car wash and *one* of the storage facility's buildings, not all of them. *Id.* ¶ 16; Doc. 5, Answer ¶ 14. So, after B&B's counsel sent the statutorily-required 60-day demand letter, it sued State Auto in state court, filing its Original Petition on April 4, 2016. Doc. 5, Am. Compl. ¶¶ 17–18; *see also* Doc. 1-3, Pl.'s Orig. Pet. and Req. for Disclosure.

After B&B filed its complaint, State Auto removed the case to this Court, arguing that, because B&B is a Texas citizen[3] and State Auto is an Ohio citizen,[4] complete diversity—and thus federal jurisdiciton—exists. Doc. 1, Notice of Removal ¶¶ 2.2–2.3. The next day, B&B amended its complaint to add Caldwell and Duncan as additional defendants, based on the fact that they sold it the insurance policy in question. Doc. 5, Am. Compl. ¶ 19. Thus, because Caldwell and

---

[1] It is not entirely clear when, exactly, they did this, but the parties agree that the policy was in effect from June 28, 2013, to June 28, 2014, so it was likely in early 2013. *See* Doc. 5, Am. Compl. ¶ 14; Doc. 8, Answer ¶ 12.

[2] According to B&B, at least. Defendants neither admit not deny whether State Auto partially denied the claim. *See* Doc. 8, Answer ¶ 14.

[3] State Auto alleges B&B is a Texas general partnership between Howard Barrow and John Barrow, both of Greenville, Texas. Doc. 1, Notice of Removal ¶ 2.2.

[4] State Auto indicates that it is a foreign company with its principal place of buisness in Ohio. Doc. 1, Notice of Removal ¶ 2.3.

Duncan are both Texas citizens—according to B&B, at least—B&B then moved to remand this case back to state court on grounds that complete diversity no longer existed. Doc. 7, Mot. to Remand. State Auto's deadline for responding to B&B's Motion has long since passed. Therefore, the Motion is ripe for review.

## II.

## LEGAL STANDARD

A.   *Removal Based on Diversity Jurisdiction*

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They possess only the power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916. When a party removes a suit to federal court on diversity grounds under 28 U.S.C. § 1332, the removing party must demonstrate that each element of § 1332 is met. Furthermore, an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (noting that any questions or ambiguities "should be strictly construed in favor of remand").

III.

ANALYSIS

B&B's argument, though not a model of clarity, is not particularly complex. They argue that Caldwell, Duncan, and B&B are all Texas citizens, meaning complete diversity no longer exists, and the Court no longer has jurisdiction over this case. Doc. 7, Mot. to Remand 3–4. B&B also seems to suggest that improper joinder, which might preclude remand, does not apply. *Id.* They say this is so because, in order to establish improper joinder, a movant must show "(1) [a]ctual fraud in the pleading of jurisdictional facts, or (2) [i]nability of the Plaintiff to establish a cause of action against a non-diverse party in State Court." *Id.* State Auto can show neither, according to B&B, thus there is no improper joinder, no complete diversity, and no federal jurisdiction. *Id.* (citing *Smallwood*, 385 F.3d at 573). This means the Court must remand the case back to state court, they say. *Id.*

"Diversity jurisdiction is generally determined at the time of filing, or, in a case removed from state court, at the time of removal." *Ellison Steel, Inc. v. Greystar Const. LP*, 199 F. App'x 324, 327 (5th Cir. 2006) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71) (1920)). "However, the later addition of a non-diverse defendant will destroy diversity jurisdiction." *Id.* (citing *Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001)). That said, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood*, 385 F.3d at 572. But "[t]he burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden." *Galveston Bay*

Case 3:16-cv-01800-B   Document 23   Filed 08/25/16   Page 5 of 5   PageID 153

*Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 738 (S.D. Tex. 2010) (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).

Because State Auto has not even responded to B&B's Motion to Remand, they have not technically asserted fraudulent or improper joinder, let alone met their "heavy burden" to prove it. Accordingly, the Court need not, and will not, scrutinize B&B's claims, in detail, to determine whether "there is no possibility of recovery by the plaintiff against an in-state defendant" or "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

## IV.
## CONCLUSION

In light of the above, no diversity jurisdiction exists at this juncture. Therefore, this Court may not hear this case. Accordingly, B&B's Motion to Remand is **GRANTED** and this case is **REMANDED** to the 196th Judicial District Court of Hunt County, Texas, for further proceedings.

**SO ORDERED.**

**SIGNED: August 25, 2016.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE